IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LIONEL LAWRENCE,<br><br>        *Plaintiff*,<br><br>v.<br><br>MICHAEL NUTTER, et al.,<br><br>        *Defendants*. | CIVIL ACTION<br>No. 13-4293 |

**PAPPERT, J.**                                                                                                       August 1, 2017

<u>**MEMORANDUM**</u>

Lionel Lawrence sued former Mayor of Philadelphia Michael Nutter, Philadelphia Prison System Commissioner Louis Giorla, Curran-Fromhold Correctional Facility Warden John Delaney and the City of Philadelphia alleging that they violated his constitutional rights by, among other things, housing Lawrence in a three-person cell that was originally designed for two people. The Court grants Defendants' motion to dismiss because Lawrence has not alleged that any of the individual Defendants were personally involved in the alleged underlying constitutional violation. He has also failed to state a claim against the City under *Monell*.

**I.**

Lawrence's original action was one of approximately 700 overcrowding cases consolidated against the City of Philadelphia. *See Lawrence v. Nutter*, 655 F. App'x 129 (3d Cir. 2016). Lawrence was initially represented by counsel. In December 2013, the City reached an agreement with Plaintiffs' counsel. Lawrence rejected the settlement, his attorney withdrew from the case in April 2014 and Lawrence continued with this litigation *pro se*. *Id.* at 130.

On July 15, 2014, Defendants filed a motion to dismiss Lawrence's Complaint. (ECF No. 12.) Lawrence did not file a response and was subsequently ordered to do so by Judge Shapiro. Lawrence did not heed Judge Shapiro's Order and she granted the Defendants' motion. (ECF No. 17.) Lawrence appealed the dismissal of his case and the Third Circuit Court of Appeals reversed and remanded, concluding that the district court abused its discretion by dismissing Lawrence's suit without addressing the factors set forth in *Poulis v. State Farm Fire & Casualty Company*, 747 F.2d 863, 868 (3d Cir. 1984). *See Lawrence*, 655 F. App'x at 131. Lawrence unfortunately believes that the Third Circuit ruled on the merits of his lawsuit and that he won the case.[1]

After the Third Circuit remanded the case, Chief Judge Tucker ordered Lawrence to file an Amended Complaint. (ECF No. 22.) Lawrence filed his Amended Complaint on July 25, 2017. (ECF No. 23.) Defendants filed a second motion to dismiss on July 27, 2016. (ECF No. 24.) On December 20, 2016, the case was reassigned to this Court. (ECF No. 28.) On January 27, 2017, the Court ordered Lawrence to file a response to the Defendants' motion. (ECF No. 30.) Lawrence responded on February 21, 2017.

On June 20, 2017, the Court issued a Memorandum and Order granting the Defendants' motion to dismiss. (ECF Nos. 35 & 36.) In the Memorandum, the Court explained that Lawrence did not allege that any of the individual Defendants were personally involved in the alleged underlying constitutional violation and that Lawrence also failed to state a claim against the City of Philadelphia under the standards articulated in *Monell v. Department of Social Services of the City of New*

---

[1] Lawrence has asserted this incorrect belief in several filings and in telephone conversations with court staff.

*York*, 436 U.S. 658 (1978).  The Court then explained, in detail, what Lawrence needed to do in order to successfully state a claim against each of the Defendants.  The Court granted Lawrence leave to file a Second Amended Complaint.

Lawrence filed a Second Amended Complaint on June 28, 2017.  (ECF No. 37.)  The Defendants' filed a motion to dismiss on July 3, 2017.  (ECF No. 38.)  After Lawrence failed to respond to the motion within the time allotted by the Local Rules of Civil Procedure, the Court ordered him to respond.  (ECF No. 39.)  Lawrence filed his response on July 28, 2017.  (ECF No. 40.)

Lawrence's Second Amended Complaint is nearly identical to his Amended Complaint.  He has failed to address the concerns outlined in the Court's June 20th Memorandum.  Accordingly, the Court grants the Defendant's motion to dismiss.

An appropriate order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***
GERALD J. PAPPERT, J.